UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:  6:17-cv-00538-Orl-37DCI

LAWRENCE J. CHASTANG,
DORA PATRICIA CHASTANG,
LAWRENCE CHASTANG, JR.,
MILES CHRISTIAN CHASTANG,
ADRIANA PATRICIA CHASTANG, AND
WINSTON CHASTANG,

     Plaintiffs,

vs.

GILAD LEVY, in his individual capacity only
and not in his official capacity as a Deputy Sheriff for
the Orange County Sheriff's Department,

     Defendant.

_____/

## AMENDED COMPLAINT

COMES NOW, Plaintiffs, LAWRENCE J. CHASTANG, DORA PATRICIA CHASTANG, LAWRENCE CHASTANG, JR., MILES CHRISTIAN CHASTANG, ADRIANA PATRICIA CHASTANG, and WINSTON CHASTANG, ("THE CHASTANG FAMILY") by and through their undersigned attorney, and hereby sue the Defendant GILAD LEVY ("LEVY"), in his individual capacity only and not in his official capacity as Deputy Sheriff for the Orange County Sheriff's Department, and as grounds therefore states as follows:

### INTRODUCTION

1.    This is an action for damages sustained by citizens of the United States against LEVY, individually only, an employee of the Orange County Sheriff's Department, who acting under the color of state law, deprived Plaintiffs of rights protected by the United States

Constitution and the Florida Constitution, contrary to the dictates of 42 USC §1983.

## JURISDICTION

2.     This action is brought pursuant to 42 USC §§1983 and 1988 and the Fourth Amendment to the Constitution of the United States of America.

3.     The jurisdiction of this Court is predicated upon 28 USC §1343 (3).

## PARTIES

4.     THE CHASTANG FAMILY's home is located at 17603 Deer Isle Circle in Winter Garden, Orange County, Florida 34787. All members of THE CHASTANG FAMILY wee citizens of the United States of America at all times material to the allegations of this Complaint.

5.     At all times material hereto, Defendant LEVY was a deputy sheriff employed by the Orange County Sheriff's Department performing duties on behalf of the Orange County Sheriff's Department.  The Orange County Sheriff's Office is a governmental agency of Orange County and is located in Orange County, Florida who is charged with enforcing the law.

6.     At all times material hereto, LEVY was acting as an agent, servant, and employee of the Orange County Sheriff's Department.

7.     LEVY is sued individually only and not in his official capacity as a Deputy Sheriff.

8.     At all times material hereto and in all of his actions described hereafter, LEVY, was acting under the color of state law and pursuant to the authority of the Orange County Sheriff's Department.

9.     Plaintiffs, LAWRENCE CHASTANG and DORA PATRICIA CHASTANG are the owners of the residential property located at 17603 Deer Isle Circle in Winter Garden, Orange

2

County, Florida.   Their children, LAWRENCE CHASTANG, JR., MILES CHRISTIAN CHASTANG, ADRIANA PATRICIA CHASTANG, and WINSTON CHASTANG have all resided at said residence since birth until such time as the children went off to college and to their respective occupations.

10.     THE CHASTANG FAMILY residence is located in an exclusive gated community known as Deer Island.  This subdivision contains many multi-million dollar homes, including THE CHASTANG FAMILY residence. By appearances, it is apparent that the Deer Island subdivision was not a high crime area.

11.     At all times material hereto, THE CHASTANG FAMILY own dogs that also reside at said property.

12.     LAWRENCE CHASTANG travels internationally in his business on a continual basis.  As such, THE CHASTANG FAMILY has customarily and routinely had large dogs as a part of THE CHASTANG FAMILY.  The Chastang residence sits on a large lakefront lot and has a long driveway leading up to the residence.  Said lot has an invisible electronic fence such that the dogs have the entire run of the yard, but are not allowed to leave THE CHASTANG FAMILY's yard.

13.     On or about July 2, 2016 at approximately 6:03 pm Deputy Sheriff LEVY responded to a general burglary alarm in that the alarm at the CHASTANG residence was activated.  The house alarm was inadvertently set off by Mariana Trejos, DORA PATRICIA CHASTANG's sister.

14.     At all times material hereto, the CHASTANG residence had a sign placed at the beginning of their driveway that appears as follows:



15.     As one came up the long driveway and approached the CHASTANG residence, there were two more signs placed on each side of the driveway as one approaches the garage and parking area that were clearly visible.





16.     Given the presence of the above signs, LEVY was clearly on notice that the CHASTANG residence had dogs on site.   LEVY ignored said signs and approached the CHASTANG residence on foot.

17.     LEVY did activate his body-worn camera and as such, there is video of the incident. The following series of photos taken from the body camera video indicate what occurred at the CHASTANG residence on July 2, 2016.  Those photographs depict the following:

     a.   The first photograph depicts the black Labrador coming from the backyard of THE CHASTANG FAMILY and approaching LEVY. The black Labrador was a two year old named "Pepper".



b.  The second photograph indicates that LEVY already has his 45 Automatic handgun out and pointed at Pepper upon the dog's initial approach.



    c.  The third photograph indicates that Pepper did not approach LEVY directly but instead was running in a loop in front of him.  The video illustrates that Pepper never approached LEVY directly.



d.  The fourth photograph shows LEVY pointing his gun directly at Pepper.  In the background, a one year old Rottweiler, named "Bane" is seen approaching LEVY.



e.  The Fifth photograph shows Bane approaching LEVY.  At no time does the photograph indicate that Bane is attempting to make personal contact or to bite Deputy LEVY.



f.  The sixth photograph shows both Bane and Pepper in the foreground before LEVY. LEVY fires a shot into the face of Bane even though Bane is still 3 or 4 feet away from LEVY.



g.  The seventh photograph again indicates the shell being ejected immediately after the firing of the shot into Bane. At no time is Pepper approaching or appearing to be threatening to LEVY.



9

h. The eighth photograph shows LEVY firing a second round into the back of Pepper. Clearly, Pepper is not threatening LEVY at the time of this shot. The fact that Pepper was shot in the back indicates that the dog was in full retreat and was not threatening LEVY.



i.   The ninth photograph shows the hindquarters of Pepper being close to the ground because of the fact that he'd been shot in the back.  Bane is reacting to the fact that has been shot in the face.



j. The tenth photograph shows both dogs in full retreat.



k. The last photograph shows Bane running away from LEVY.



18.    As a direct and proximate result of LEVY shooting Bane in the face, Bane had to be euthanized by a veterinarian because he could not survive.  Pepper survived the shooting and, after care and treatment by a veterinarian, still resides at THE CHASTANG FAMILY residence today.

19.    It is clear from the body camera video that LEVY did not attempt to retreat, his life was not being threatened by the two animals, and LEVY did not act reasonably.

20.    An individual's interest in his or her pet dog falls within the Fourth Amendment's protection against unreasonable seizure. Killing or wounding a pet dog is a property right protected from unreasonable seizure under the Fourth Amendment of the United States Constitution. The killing or wounding of a dog by a police officer amounts to an unreasonable seizure under the Fourth Amendment.  Each and every CHASTANG FAMILY member had or has an emotional attachment to both Pepper and Bane.  As such, each member of the CHASTANG FAMILY has suffered a separate constitutional violation of the Fourth Amendment of the United States due to the unreasonable seizure of both Pepper and Bane.

21.    Deputy Sheriff LEVY's actions were unreasonable under the circumstances for the following reasons:

    a.   The signs on the property indicated that there were dogs on the premises.  The presence of the dogs was not a surprise to LEVY. LEVY had advance notice that the dogs were present on the premises.

    b.   LEVY did not exhaust all non-lethal options prior to drawing his gun and using lethal force on the dogs.

    c.   Retreat was available to LEVY. He did not attempt to retreat.

    d.   The dogs posed no imminent danger or threat to LEVY.  Bane was 2 to 3 feet

away from LEVY when shot in the face. Pepper was shot in the back when attempting to run away.

## FOURTH AMENDMENT UNREASONABLE SEIZURE AS RELATED TO BANE

22.    The allegations set forth herein in paragraphs 1-21 are incorporated by reference.

23.    The above described actions and omissions as it relates to Bane, THE CHASTANG FAMILY's pet Rottweiler, constituted acts under the color of state authority by LEVY. Said Defendant deprived the Plaintiffs of the right secured to them by the Fourth Amendment of the Constitution of the United States of America given that an unreasonable seizure occurred as to the taking of the life of the family dog, Bane.

24.    As a consequence of the deprivation of the CHASTANG FAMILY's right to have a Fourth Amendment guarantee against unreasonable seizures, the CHASTANG FAMILY has suffered the following damages:

    a.  Loss of the value of the dog, Bane.

    b.  Emotional pain and suffering as to each member of the CHASTANG FAMILY, both past and in the future.

    c.  Loss of the ongoing companionship of the dog, Bane.

    d.  Veterinary bills to care, threat, and euthanize Bane.

    e.  Compensatory damages.

    f.  Attorney's fees, pursuant to the 42 USC §1988.

    g.  Such other and further relief as this Court may deem just and appropriate under the circumstances.

Wherefore, Plaintiffs demand judgment against Defendant for compensatory damages, attorney's fees, and for such other relief as the Court deems just and proper.

## FOURTH AMENDMENT UNREASONABLE SEIZURE AS RELATED TO PEPPER

25.    The allegations set forth herein in paragraphs 1-21 are incorporated by reference.

14

26.     The above described actions and omissions as it relates to Pepper, THE CHASTANG FAMILY's pet Labrador, constituted acts under the color of state authority by said Defendant. Said Defendant deprived the Plaintiffs of the right secured to them by the Fourth Amendment of the Constitution of the United States of America given that an unreasonable seizure occurred as to the wounding of the family dog, Pepper.

27.     As a consequence of the deprivation of the CHASTANG FAMILY's right to have a Fourth Amendment guarantee against unreasonable seizures, the CHASTANG FAMILY has suffered the following damages:

    a.  Emotional pain and suffering as to each member of the CHASTANG FAMILY, both past and in the future.

    b.  Veterinary bills to care for and treat Pepper.

    c.  Compensatory damages.

    d.  Attorney's fees, pursuant to the 42 USC §1988.

    e.  Such other and further relief as this Court may deem just and appropriate under the circumstances.

Wherefore, Plaintiffs demand judgment against Defendant for compensatory damages, attorney's fees, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury at all issues still triable as of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the CM/ECF system, which will send a notice of electronic filing to BRIAN

F. MOES, ESQ., bfmoes@growerketcham.com; waketcham@growerketcham.com; enotice@growerketcham.com; jhood@growerketcham.com; lsase@growerketcham.com, 901 Lake Destiny Rd., Suite 450, Maitland, FL 32751 this 26th day of May, 2017.

/s/William G. Osborne
WILLIAM G. OSBORNE, ESQUIRE
Florida Bar No. 273783
WILLIAM G. OSBORNE, P.A.
1305 E. Robinson St.
Orlando, Florida 32801
(407) 894-1534
(407) 894-1535 (Facsimile)
*Service address: Service@osborneattorneys.com*
Attorneys for Plaintiffs